IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § | |
| as Broadcast Licensee of the May 8, 2021 | § | |
| Saul "Canelo" Alvarez v. Billy Joe Saunders | § | |
| Championship Fight Program, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:24-cv-463 |
| | § | |
| ANGIE ANN CHAVARRIA a/k/a ANGIE ANN | § | |
| CHAVARRIA-MARTINEZ, individually, and d/b/a | § | |
| VAQUERO'S HIDE OUT and d/b/a VAQUER@S | § | |
| HIDEOUT and d/b/a VAQUEROS HIDEOUT | § | |
| | | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") files *Plaintiff's Original Complaint* against Defendant Angie Ann Chavarria a/k/a Angie Ann Chavarria- Martinez, individually, and d/b/a Vaquero's Hide Out, and d/b/a Vaquer@s Hideout, and d/b/a Vaqueros Hideout ("Defendant").

### PARTIES

1.      <u>Plaintiff</u>.  G&G Closed Circuit Events, LLC, as Broadcast Licensee of the May 8, 2021 Saul "Canelo" Alvarez v. Billy Joe Saunders Championship Fight Program is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

3.      <u>Defendant.</u>  Angie Ann Chavarria a/k/a Angie Ann Chavarria-Martinez is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant:

   A.      held the license/permit issued by the Texas Alcoholic Beverage
           Commission for the commercial establishment named Vaquero's Hide

Out, and d/b/a Vaquer@s Hideout, and d/b/a Vaqueros Hideout and located at 1552 West Poplar St., San Antonio, Texas 78207 "Establishment");

B.    was an owner and/or manager of the Establishment;

C.    had a right and ability to supervise the activities of the Establishment; and

D.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant at 760 Gladstone Ave., San Antonio, Texas 78225; or at 1539 W. Craig Pl., San Antonio, Texas 78201; or at 1522 West Poplar St., San Antonio, Texas 78207; or at 535 Sims Ave., San Antonio, Texas 78225.

### STATEMENT OF JURISDICTION

4.    This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

### VENUE

5.    Venue is proper in this District because Defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

### STATEMENT OF THE CLAIM

6.    <u>Authorization to License Event</u>.  Plaintiff is the license company that was exclusively authorized to sub-license the closed-circuit telecast of the May 8, 2021 Saul "Canelo" Alvarez v. Billy Joe Saunders Championship Fight Program, including the undercard or preliminary bouts and commentary (the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

7.      The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

8.      Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

9.      <u>Exhibition of the Event</u>.  The transmission of the Event originated via satellite and was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

10.     The transmission of the Event was available to Defendant to purchase for broadcast in the Establishment. Had Defendant chosen to purchase the Event, Defendant would have been authorized to receive, transmit and publish the Event in the Establishment. Defendant did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

11.     The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

12.     On May 8, 2021, either by satellite transmission or through unauthorized receipt over a cable system, Defendant willfully intercepted or received the interstate communication of the Event. In the alternative, Defendant assisted in the receipt of the interstate communication of the Event. Defendant then transmitted, divulged and published said communication, or assisted

in transmitting, divulging and publishing said communication, to patrons within the Establishment.

13.     Defendant misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendant's actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

14.     Defendant enabled the patrons within the Establishment to view the Event to which neither Defendant nor the Establishment's patrons were entitled to do.

15.     The persons whom Defendant permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

16.     Defendant was not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

<u>VIOLATION OF 47 U.S.C. § 553 OR § 605</u>

17.     Defendant's wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605, or Section 553.

<u>DEMAND FOR RELIEF SOUGHT</u>

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendant for:

(a)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d)      Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e)      Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f)      Pre and post-judgment interest at the highest rate permitted by law; and

(g)      Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

JONES, DAVIS & JACKSON, PC

By: _____

David M. Diaz
Attorney-in-charge
State Bar No. 24012528
ddiaz@jonesdavis.com

15110 Dallas Parkway, Suite 300
Dallas, Texas 75248
Telephone: (972) 733-3117
Fax: (972) 733-3119

ATTORNEY FOR PLAINTIFF