UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

G&G CLOSED CIRCUIT EVENTS,
LLC, AS BROADCAST LICENSEE OF
THE MAY 8, 2021 SAUL CANELO
ALVAREZ V. BILLY JOE SAUNDERS
CHAMPIONSHIP FIGHT PROGRAM;          Case No.  5:24-CV-00463-JKP

    *Plaintiff*,

v.

ANGIE ANN CHAVARRIA,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment. *ECF No. 12*. Defendant did not respond. Upon consideration, the Court **GRANTS** the Motion and enters Default Judgment against Defendant.

### BACKGROUND

Following sufficient service of summons upon Defendant and her failure to file an Answer or otherwise appear, Plaintiff obtained a Clerk's Entry of Default and filed the pending Motion for Default Judgment. *See ECF Nos. 8, 11, 12, 14.*

Subsequently, the Court entered a Show Cause Order directing Defendant to file an Answer to the Complaint and a Response to the Motion for Default Judgment providing reasons default judgment should not be entered against her. *ECF No. 16.* The Court admonished Defendant should she fail to file an Answer and Response to the Motion for Default Judgment and should Defendant fail to show good cause for her delay, the Court will consider Plaintiff's Motion for Default Judgment as unopposed and may enter default judgment against her. *Id*.

Defendant did not respond to the Show Cause Order and did not file an Answer. The Court now considers the Motion for Default Judgment as unopposed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. A movant must satisfy three procedural requisites to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022).

First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following:

> (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant.

*Id.* Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's Complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F. Supp. 3d at 814.

Finally, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206; *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

## ANALYSIS

### I. Initial Procedural Requisites

First, the record reveals Defendant failed to file an Answer after sufficient service and expiration of the appropriate deadline to do so and has otherwise failed to appear in this action. *ECF Nos. 8, 11, 12, 14.* As a result, at the request of Plaintiff the Clerk of Court entered a Clerk's Entry of Default against Defendant. *ECF No. 14.* Upon satisfaction of the first two requisites, Plaintiff filed the instant Motion for Default Judgment. *ECF No. 12.*

Accordingly, Plaintiff satisfied all procedural requisites to seek default judgment against Defendant. *See* Fed. R. Civ. P. 55.

## II.   Substantive Merits of Default Judgment

### A.   Step One: Whether Default Judgment Is Appropriate

Federal Rule 55 permits a default judgment as the consequence of a defendant's failure to answer should other circumstances also support this harsh remedy. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973).

Here, the record reveals the Court gave Defendant ample notice and opportunity to file an Answer or otherwise appear as required by Rule 55. The record also reveals Defendant failed to respond to the Court's Show Cause Order. *See ECF No. 16.* Such failure to respond to a court order constitutes sufficient grounds for a default judgment. *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000 (5th Cir. 1970); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), *cert. denied*, 392 U.S. 928 (1968).

Because Defendant failed to file any responsive pleadings, there are no material facts in dispute and the grounds for default are "clearly established." *See Lindsey*, 161 F.3d at 893; *see also Nishimatsu Constr.*, 515 F.2d at 1206; *RLI Ins. Co.*, 581 F. Supp. 3d at 824–25 (W.D. Tex. 2020). Defendant's failure to respond threatens to prejudice Plaintiff's undisputed interest. *See*

*id*. Nothing before the Court indicates Defendant's silence is the result of a good faith mistake or excusable neglect.

For these reasons, the Court finds default judgment is procedurally warranted.

**B.    Step Two: Whether There is a Sufficient Basis in the Pleadings for the Judgment**

Due to the entry of default, Defendant is deemed to have admitted the allegations outlined in the Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether Plaintiff plead a sufficient basis for its claim for relief under Federal Rule 8. *See id.*

In its Complaint, Plaintiff G&G Closed Circuit ("G&G") set forth facts now deemed as true based upon Defendant's failure to answer. *ECF No. 12*. G&G demonstrates it is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events, and it possessed the exclusive proprietary rights to exhibit and sublicense the right to exhibit "the May 8, 2021, Saul 'Canelo' Alvarez v. Billy Joe Saunders Championship Fight Program." *Id. at 1–12*. G&G demonstrates on May 8, 2021, Defendant illegally intercepted the closed-circuit telecast of the subject fight, including all of the undercard and preliminary bouts and commentary encompassed in the television broadcast of the event (the "Event") and exhibited the Event in Defendant's commercial establishment, Vaqueros Hideout, without authorization from G&G and without paying the commercial licensing fee. *See ECF No. 12-1*.

Based upon these alleged facts deemed as true, the Court concludes G&G plead and proved a sufficient basis for the asserted cause of action of violation of the Federal Communications Act of 1934, 47 U.S.C. §§ 553 and 605, and requested relief.

**C.    Form of Relief**

G&G holds the burden to establish its entitlement to recovery. *Freeman*, 605 F.2d at 857. Based upon the recognized presentations to the Court and Defendant's failure to respond, G&G satisfied this burden. Consequently, the Court awards default-judgment relief of:

(a) Statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendant in the amount of $10,000.00;

(b) Additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendant in the amount of $50,000.00;

(c) Attorneys' fees in the amount of one-third (1/3) of recovery, or alternatively the hourly time presented in the Declaration of David M. Diaz (for prosecution of this case through default judgment); along with attorney's fees for post-trial and appellate services; and

(d) Costs and post-judgment interest in the amount of 4.09%

The Court concludes the requested damages and relief is appropriate and will enter judgment to that effect. G&G shall recover costs and attorney fees requested pursuant to Federal Rule of Civil Procedure 54(d).

## Conclusion

Based on the foregoing, the Court **GRANTS** G&G Closed Circuit's Motion for Default Judgment. *ECF No. 12*. Final Judgment will issue separately.

It is so ORDERED.
SIGNED this 27th day of March, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE